# In the United States Court of Federal Claims

No. 26-269
Filed: June 11, 2026

---

**JOHN BERNARD CROUT,**

*Plaintiff,*

**v.**

**THE UNITED STATES,**

*Defendant.*

---

*John B. Crout*, Moscow, ID, Pro Se Plaintiff.

*Ioana C. Meyer*, Trial Attorney, Commercial Litigation Branch, Civil Division, *William J. Grimaldi*, Assistant Director, *Patricia M. McCarthy*, Director, *Brett A Shumate*, Assistant Attorney General, United States Department of Justice, Washington, D.C., for Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

Pro se Plaintiff, John Crout ("Mr. Crout"), is a former member of the Washington Army National Guard. (Compl. at 1, ECF No. 1).[1] Mr. Crout alleges that he was wrongfully separated from the National Guard without lawful process and as a result suffered a "loss of pay, career advancement, retirement eligibility, and professional standing[.]" (*Id.* at 3). He seeks a determination that his separation was unlawful and back pay together with any lost benefits. (*Id.*). The United States moves to dismiss, arguing that the Court lacks jurisdiction and his claims are time-barred. (Def.'s Mot., ECF No. 12). For the reasons stated below, the Court grants the United States' Motion to Dismiss.

Mr. Crout enlisted in the Washington Army National Guard in September 1985 and served for approximately twelve years before receiving an honorable discharge in December 1997. (Compl. at 1; Def.'s Mot. Ex. 1 (Report of Separation and Record of Service), ECF No. 12-1). During his military service, Mr. Crout alleges that he was responsible for enforcing various regulations, including prohibitions on alcohol consumption in controlled-access areas. (Compl. 2). According to Mr. Crout, he became involved in a physical altercation with a superior officer who was under the influence of alcohol in violation of those regulations. (*Id.*). Mr. Crout contends that the incident gave rise to several allegations against him and triggered a series of retaliatory actions, adverse administrative measures, and coercive pressures. (*Id.*). To

---

[1] Mr. Crout did not paginate his Complaint; therefore, the Court cites to page numbers assigned by CM/ECF.

refute the allegations and clear his name, Mr. Crout alleges that he formally requested an adjudication and court-martial so that he could present evidence regarding the incident. (*Id.*). Despite those requests, the National Guard discharged Mr. Crout from service. (*Id.*). Following his discharge, Mr. Crout sought correction through the Army Board for Correction of Military Records ("ABCMR") and the National Guard, but those requests were denied. (*Id.*). Mr. Crout now seeks relief from the Court. (Compl.).

The United States moves for dismissal, challenging the jurisdictional basis and timeliness of his claims. (Def.'s Mot.). Under RCFC 12(b)(1), dismissal "is warranted when, assuming the truth of all allegations, jurisdiction over the subject matter is lacking." *Palafox St. Assocs., L.P. v. United States*, 114 Fed. Cl. 773, 779 (2014) (internal citation omitted). To ascertain the propriety of its exercise of jurisdiction, the Court may look to evidence outside of the pleadings. *Rocovich v. United States*, 933 F.2d 991, 994 (Fed. Cir. 1991), *aff'd*, 933 F.2d 991 (Fed. Cir. 1991). The Court has an "independent obligation" to ensure subject-matter jurisdiction exists in every case. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The Tucker Act grants this Court jurisdiction over claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the government. 28 U.S.C. § 1491(a)(1); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

A plaintiff "must identify and plead an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages." *Squires v. United States*, 127 Fed. Cl. 352, 356 (2016) (citing *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004)). A plaintiff must specifically demonstrate that the substantive law they rely on can reasonably be interpreted as obligating the Federal Government to provide compensation. *See Testan*, 424 U.S. at 400 (internal citation omitted). The plaintiff bears the burden of establishing subject-matter jurisdiction, and they must do so by a preponderance of the evidence. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). While the pleadings of a pro se plaintiff will generally be held to "less stringent standards" than those of a lawyer, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), pro se plaintiffs must still meet their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

As an initial matter, claims of wrongful discharge are within this Court's Tucker Act jurisdiction. 37 U.S.C. § 204; *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003). However, the Court ordinarily lacks jurisdiction over wrongful discharge claims arising from service in a state National Guard. *Hassler v. United States*, 34 Fed. Cl. 695, 700 (1996). Although National Guard members may, in certain circumstances, be federalized and thereby become entitled to federal pay—such as when called to active duty—Mr. Crout advances no allegation that he was ever placed in such a status. *Christofferson v. United States*, 230 Ct. Cl. 998, 1001 (1982); *see also Dehne v. United States*, 970 F.2d 890, 892 (1992) ("[M]embers of the National Guard [not on active duty] are not federal employees as required by the Back Pay Act, 5

2

U.S.C. § 5596."). Instead, Mr. Crout alleges only that he served in the Washington Army National Guard during "federally funded annual training activities[.]" (Pl.'s Resp. at 2). But the mere fact that the Guard receives federal funding does not establish that Mr. Crout served as a federal employee.

Even if Mr. Crout qualified as a federal employee, his claims are plainly untimely. Claims brought before this Court are barred unless they are filed within six years after the claim first accrues. 28 U.S.C. § 2501; *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 132–34 (2008). For wrongful discharge claims, the clock generally starts at the time of discharge. *Martinez*, 333 F.3d at 1303. Here, Mr. Crout seeks back pay arising from his discharge in December 1997. (*See* Compl. at 1; Def.'s Mot. Ex. 1). Accordingly, his claim accrued at that time, and he was required to file suit no later than December 2003. However, Mr. Crout filed his Complaint more than twenty-two years after the limitations period expired. (Compl. (filed Feb. 13, 2026)). Because the statute of limitations has long since run, the Court lacks authority to reach the merits of his claims.

Mr. Crout asserts that "later administrative actions, continuing correction efforts through authorized military review channels, disputed factual assumptions, and later discovered record issues remain" such that dismissal is premature. (Pl.'s Resp. at 2, ECF No. 14). None of these assertions, however, cure the timeliness defect. First, efforts to obtain relief from the ABCMR do not toll the statute of limitations. *Chambers v. United States*, 417 F.3d 1218, 1224 (Fed. Cir. 2005) (holding claims for wrongful discharge to a Correction Board is a permissive remedy that "neither prevents the accrual of [plaintiff's] cause of action nor tolls the statute of limitations."). Nor does Mr. Crout's alleged later discovery of "record issues" alter the analysis. The six-year limitations period under the Tucker Act is jurisdictional and therefore not subject to equitable tolling. *FloorPro, Inc. v. United States*, 680 F.3d 1377, 1382 (Fed. Cir. 2012) ("[28 U.S.C. § 2501] sets forth an absolute time limit for filing suit in the Court of Federal Claims" and "the six-year limitations period cannot be extended even in cases where such an extension might be justified on equitable grounds") (internal citations omitted). Accordingly, neither Mr. Crout's continued pursuit of administrative remedies nor his alleged subsequent discovery of errors in his records can revive claims that accrued decades ago.

For the stated reasons, the United States' Motion to Dismiss, (ECF No. 12), is **GRANTED**. This matter is **DISMISSED** for lack of subject-matter jurisdiction under RCFC 12(b)(1). The Clerk **SHALL** enter judgment accordingly. The Clerk is **DIRECTED TO REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions.[2]

**IT IS SO ORDERED.**



*David A. Tapp*
DAVID A. TAPP, Judge

---

[2] The Court clarifies that this provision does not act as an anti-filing injunction or a sanction. *Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). Plaintiff is not enjoined from proper post-dismissal filings in this case, nor is plaintiff required to seek leave before filing future actions in this Court. *See id.* This provision is a mechanism to reject non-compliant filings in the above-captioned action once it is dismissed.